UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| **RENDELL DEWS**<br>235 L Street SW<br>Washington, DC 20024<br><br>    **Plaintiff,**<br><br>v.<br><br>**UNITED STATES OF AMERICA**<br><br><br>    **Defendant.** | :<br>:<br>:<br>:<br>:<br>:<br>:  Civil Action No.: 1:20-cv-02767<br>:<br>:<br>:<br>:<br>: |

## ORIGINAL COMPLAINT FOR DAMAGES
## UNDER THE FEDERAL TORT CLAIMS ACT

COMES NOW Plaintiff Rendell Dews, by and through counsel, and respectfully states as follows:

### JURISDICTION, VENUE, AND CONDITIONS PRECEDENT

1. Plaintiff Rendell Dews lives at 235 L Street, SW, Washington, DC 20024, and is thus a resident of the U.S. District for the District of Columbia.

2. The claims herein are brought against the United States pursuant to the Federal Tort Claims Act (28 U.S.C. §2671, et seq.) and 28 U.S.C. §§1346(b)(1), for money damages as compensation for loss of property and personal injuries that were caused by the negligent and wrongful acts and omissions of employees and/or agents of the United States Government while acting within the scope of their offices and employment, under circumstances where the United States, if a private person, would be liable to the Plaintiff in accordance with the laws of the District of Columbia.

3. Venue is proper in that all, or a substantial part of the acts and omissions forming the basis of these claims occurred in the U.S. District of the District of Columbia, and arose from the negligent medical treatment provided to Plaintiff by employees and/or agents of the United States at the Unity Health Care location Anacostia Health Center located at 1500 Galen Street, SE, Washington, DC 20020.

4. Unity Health Care, including its Anacostia Health Center location, receives federal funding and is a federal instrumentality or agency for purposes of Federal Tort Claims Act liability.

5. Plaintiff has fully complied with the provisions of 28 U.S.C. §2675 of the Federal Tort Claims Act.

6. This suit has been timely filed, in that Plaintiff timely served notice of his claims on the United States Department of Health and Human Services ("Department of HHS") on March 2, 2020. *See* Exhibit 1, Plaintiff's FTCA Claim and the Department of HHS's acknowledgement letter. Despite undersigned counsel's numerous telephone calls and emails to the U.S. Department of HHS over the following six months requesting a decision on Plaintiff's claims, no decision was ever rendered by the government.

**EVENTS FORMING THE BASIS OF THE CLAIMS**

7. Plaintiff Rendell Dews presented to the Unity Health Care location Anacostia Health Center located at 1500 Galen Street, SE, Washington, DC 20020 on October 22, 2019.

8. Mr. Dews, a diabetic patient, presented with complaints of painful toenails and calluses.

9. April J. Chin, DPM conducted a foot exam upon Mr. Dews. Dr. Chin diagnosed Mr. Dews with corns and callosities and a fungal infection of his toenails.

10. To address the fungal infection, Dr. Chin debrided his toenails and applied antiseptic solution to each toe.

11. Following this procedure, Dr. Chin noticed what she noted as a "benign lesion" on Mr. Dews' left foot. Then, without first giving notice to Mr. Dews, nor obtaining his prior consent, Dr. Chin used a scalpel to cut the lesion off of Mr. Dews' foot, producing an open wound.

12. Dr. Chin failed to provide appropriate care by applying an antiseptic or antibacterial solution, or by otherwise dressing the wound. Instead, she discharged Mr. Dews, an acknowledged diabetic patient, from her care with the open wound she inflicted dangerously exposed and undressed.

13. During the days following Mr. Dews' discharge from Unity, predictably, the area of the wound on his left foot had become red, swollen and extremely painful.

14. On October 27, 2019, after the pain from his wound did not resolve, Mr. Dews presented to the Emergency Department at George Washington University Hospital (GWUH), where he was admitted for emergent assessment and treatment of a severe infection resulting from the wound Dr. Chin created and permitted to go untreated at discharge from Unity.

15. At GWUH, Mr. Dews underwent an incision and drainage procedure on October 30th, 2019 from which a deep pocket abscess was discovered, drained, and debrided. A vacuum assisted closure (VAC) was also installed in the wound. A continuous course of intravenous antibiotics was initiated to fight the infection that continued throughout his admission. Mr. Dews

underwent an additional wound debridement procedure on November 2, 2019. He was not discharged from the hospital until November 6, 2019.

16. Since then, Mr. Dews has endured additional medical treatment to address his wound. He has received extensive treatment by Dr. Michael Stempel at the GWU Wound Healing and Limb Preservation Center, including additional debridement procedures. Mr. Dews continues to receive treatment to manage his wound and to prevent further complications.

## COUNT I
### Medical Malpractice - *Respondeat Superior*

17. Plaintiff incorporates by reference each and every allegation as set forth in Paragraphs 1 through 16.

18. At all times of which the Plaintiff complains, the Defendant United States (which hereinafter includes agents, employees, servants, representatives, subsidiaries, and/or independent contractors), through its agents, servants, and employees, represented to the Plaintiff and to the general public that it possessed the degree of knowledge, ability, and skill possessed by reasonably competent medical providers, practicing under the same or similar circumstances as those involving the care to the Plaintiff.

19. Upon information and belief, at all times mentioned herein, the medical care provided to Plaintiff by Defendant was provided by its agents, employees, servants, and representatives, on its behalf, or by others affiliated with it and acting on its behalf.

20. A health care provider/patient relationship existed between Defendant, its agents, employees, representatives, independent contractors, and/or servants, and the Plaintiff at all times

relevant herein. Defendant owed Plaintiff a duty to conform its care to the standards of reasonably prudent practitioners acting under same or similar circumstances.

21. Defendant owed a duty to Plaintiff which included providing appropriate medical care, treatment, and post-treatment care.

22. Defendant, through the actions and omissions of Dr. Chin, was negligent, grossly negligent, and/or reckless, in that it:

    a. Created an open wound on Plaintiff's left foot as a result of a procedure that was not medically indicated;

    b. Failed to dress or disinfect Plaintiff's wound in any way;

    c. Failed to exercise due care by discharging Plaintiff from their care with this wound still open to the outside environment;

    d. Failed to provide any instructions, medications, or dressings to Plaintiff to address this open wound;

    e. Failed otherwise to conform its care and treatment of Plaintiff to the standards of reasonably prudent practitioners acting under same or similar circumstances; and

    f. Otherwise acted with reckless disregard for the rights of the Plaintiff.

23. As a direct and proximate result of the negligence, gross negligence, and/or recklessness of Defendant, Plaintiff suffered injuries and damages. Plaintiff has suffered a loss of income and earning capacity as well. Plaintiff will continue to endure pain, stress, embarrassment, and humiliation as a result of Defendant's actions and omissions.

## COUNT II
### Lack of Informed Consent - *Respondeat Superior*

24. Plaintiff incorporates by reference each and every allegation as set forth in Paragraphs 1 through 23.

25. Dr. Chin initiated a surgical removal of the lesion in question without discussing the procedure with Mr. Dews first. She did not inform him of the reason for the procedure, nor the benefits, risks, or the process of the procedure itself.

26. Dr. Chin simply noticed the lesion, picked up her scalpel, and removed the lesion without Mr. Dews' permission.

27. Dr. Chin's actions were a breach of her duty to perform medical care procedures upon Mr. Dews only after obtaining Mr. Dews' informed consent.

28. Because Mr. Dews was deprived of the informed choice to decline this otherwise elective procedure, paired with the fact that the procedure was not medically indicated as carried out, establishes that Defendant, through the actions and omissions of its employee and/or agent Dr. Chin, is liable for the foreseeable harm Mr. Dews suffered as a proximate result.

## PRAYER FOR RELIEF

WHEREFORE, the Plaintiff Rendell Dews is entitled to damages from the United States, and he does hereby pray that judgment be entered in his favor and against the United States government in the amount of $3,500,000 (three million five hundred thousand dollars) in damages, and for any other relief found just and proper by the jury and the Court.

Respectfully submitted,

*//s// Archie L. Rich, II*
Archie L. Rich, II, Esq.
DC Bar 471754
LAWMD, CHTD.
1250 I Street, NW, Suite 903
Washington, DC  20005
tel.: (202) 529-9379
fax: (202) 506-6167
arich@lawmd.com
*Counsel for Plaintiff*