IN THE UNITED STATES DISTRICT COURT FOR THE
DISTRICT OF COLUMBIA

| | |
|---|---|
| RENDELL DEWS | ) |
| Plaintiff, | ) |
| v. | ) Case No.: 20-2767 (CJN) |
| UNITED STATES OF AMERICA | ) |
| Defendant. | ) |

## PLAINTIFF'S MOTION IN LIMINE

**COMES NOW** Plaintiff Rendell Dews, by undersigned counsel and pursuant to Fed. R. Evid. 403 and 602, respectfully moves this Honorable Court for an Order ruling that Dr. April Chin, the health care provider whose treatment is at issue in this case, may not be permitted to speculate or give otherwise unreliable testimony regarding Plaintiff's condition and treatment which was not already noted in her medical record made shortly after the clinical visit at issue. In support thereof, Plaintiff refers the Court to the accompanying Memorandum of Points and Authorities.

WHEREFORE, based upon the foregoing, Plaintiff respectfully requests that this Court proceed to enter the attached proposed Order, and any other such relief that the Court finds appropriate.

Respectfully submitted,

*///s// Archie L. Rich, II*
Archie L. Rich, II, Esq.
LAWMD, CHTD.
1250 I Street, NW, Suite 903
Washington, DC 20005
(202) 529-9379

*Counsel for Plaintiff*

## **CERTIFICATE OF SERVICE**

I HEREBY SERVED a copy of the foregoing Motion and Supporting Memorandum of Points and Authorities by electronically filing it with the Court and emailing it to the parties listed below, on this 10th day of January 2023 through counsel:

Dedra Curteman, Esq.
Assistant United States Attorney
Civil Division, U.S. Attorney's Office for the District of Columbia
555 Fourth Street, NW
Washington, D.C. 20530
dedra.curteman@usdoj.gov
*Counsel for Defendant United States of America*

                                           *//s// Archie L. Rich, II*
                                           Archie L. Rich, II, Esq.
                                           Counsel for Plaintiff

# IN THE UNITED STATES DISTRICT COURT FOR THE
# DISTRICT OF COLUMBIA

| | |
|---|---|
| RENDELL DEWS ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Case No.: 20-2767 (CJN) |
| ) | |
| UNITED STATES OF AMERICA ) | |
| ) | |
| Defendant. ) | |

## MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF PLAINTIFF'S MOTION IN LIMINE

Plaintiff Rendell Dews, by undersigned counsel and pursuant to Fed. R. Evid. 403 and 602, respectfully submits this Memorandum of Points and Authorities in support of his Motion *in Limine* regarding the testimony of Dr. April Chin. As demonstrated below, Dr. Chin should not be permitted to speculate or give otherwise unreliable testimony regarding Plaintiff's condition and treatment which was not already noted in her medical record made shortly after the clinical visit at issue. Critically, Standard of Care material produced by Defendant in discovery dictates that a health care provider such as Dr. Chin must meticulously document the number, exact location, and type of any lesions, calluses, and/or corns found on the foot of a known diabetic patient, such as Plaintiff. Dr. Chin chose to violate these clinical requirements in documenting the precise location and type of Mr. Dews noted lesions as well as the procedures she performed upon them. It follows that Dr. Chin should not be permitted to testify regarding facts not otherwise explicitly documented according to these governing clinical requirements. In addition, permitting testimony by Dr. Chin regarding facts she chose to omit in the medical record she prepared would support a proffer of unreliable speculation of the kind expressly rejected by DC

Appellate decision interpreting the Federal Rules of Evidence Nos. 403 and 602. In support thereof, Plaintiff respectfully states:

### I. Factual and Procedural Background

This case arose during a clinical visit between Plaintiff, a diabetic patient, and Dr. April Chin, DPM, of Unity Health Care, in the District of Columbia on October 22, 2019. Plaintiff presented to Dr. Chin for a "new complaint at risk diabetic foot evaluation. Painful toenails and calluses." *See* Exhibit 1, Dr. Chin's October 22, 2019 Note.

During this visit, Dr. Chin recorded that her exam revealed "Dermatology…HYPERKERATOSIS: B/L LE: hpk dorso-lateral 5th pipj; medial hallux; sub met 2,4; pop." *See* Exhibit 1 at 2. In the Assessment section of the record, Dr. Chin diagnosed Plaintiff, in part, with "Corns and callosities – I.84." *Id.* Dr. Chin noted the following in the Treatment section: "Corns and callosities: PROCEDURE: Debridement of Benign Lesions (2 or more)." *Id.* This note was signed on the date of the treatment at 2:13 p.m. *Id.* In the Procedures section, the record states: "<u>Podiatry</u>…sharp debridement benign skin lesions > 4 using #15 scalpel blade." *Id.* at 3. Finally, in the Procedure Codes section, the record reads "11057 TRIM SKIN LESIONS, OVER 4". *Id.* Dr. Chin's note does not record that she applied any dressing or protection to the debrided skin lesion(s). *Id.* Plaintiff was instructed to put his socks and shoes back on following these procedures and was discharged to home.

Following multiple procedures and treatments performed on various lesions on Mr. Dews' foot, he developed pain, and later a painful and infected abscess in one of the lesions Dr. Chin "debrided" over the next two days. Upon presentation to the Emergency Department at The George Washington University Hospital on October 26, 2019, Plaintiff was clinically diagnosed with an infected foot abscess that resulted in the creation of a large, infected wound

4

in his left foot which required an inpatient hospital admission which lasted eleven (11) days, during which he underwent multiple debridement surgical procedures to remove the necrotic tissue in his left foot. Mr. Dews has since endured extensive wound care, orthopedic care, and physical therapy to address his injuries and other damages.

Plaintiff filed the instant case as a medical malpractice and personal injury action pursuant to the Federal Tort Claims Act (FTCA) in the U.S. District Court for the District of Columbia on September 29, 2020 due to failures by Dr. Chin.

During discovery in this action, Defendant produced a document published by the American Podiatric Medical Association, titled "Medical Record Document Guidance When Combining At-Risk Nail and Callus Care." *See* Exhibit 2. This authoritative document contained several standards for medical record documentation of the conditions and treatment noted by Dr. Chin. Critically, several details required by these standards were left out by Dr. Chin, necessitating the instant Motion *in Limine*.

**II.  Statement of the Law**

   **a.  Fed. R. Evid. 602**

Federal Rule of Evidence 602 states that "[a] witness may testify to a matter only if evidence is introduced sufficient to support a finding that the witness has personal knowledge of the matter." *Id.* "Personal knowledge [required by Rule 602] can include reasonable inferences, but it does not include speculating as to a…. state of mind, or other intuitions, hunches, or rumors." *Widmar v. Sun Chem. Corp.*, 772 F.3d 457, 460 (7th Cir. 2014).

"Furthermore, although personal knowledge may include reasonable inferences, those inferences must be "grounded in observation or other first-hand personal experience. They must not be flights of fancy, speculations, hunches, intuitions, or rumors about matters remote from

that experience." *Payne v. Pauley,* 337 F.3d 767, 772 (7th Cir. 2003) (quoting *Visser v. Packer Eng'g Assoc.*, 924 F.2d 655, 659 (7th Cir. 1991) (en banc)).

### b. Fed. R. Evid. 403

In addition, Federal Rule of Evidence 403 states that "The court may exclude relevant evidence if its probative value is substantially outweighed by a danger of one or more of the following: unfair prejudice, confusing the issues, misleading the jury, undue delay, wasting time, or needlessly presenting cumulative evidence." *Id.*

When evaluating whether evidence may be admitted, the "[a] district court must … engage in a 'fact-intensive, context-specific inquiry' in order to determine whether such evidence is relevant under Federal Rule of Evidence 401, and—if it is relevant—whether it should be excluded because its probative value is substantially outweighed by its prejudicial effect, in accordance with Federal Rule of Evidence 403." *Bennett v. Nucor Corp.*, 656 F.3d 802, 810 (8th Cir. 2011). "Rule 403, in particular, 'requires an on-the-spot balancing of probative value and prejudice.'" *Bennett,* 656 F.3d at 811 (quoting *Sprint/United Mgmt. Co. v. Mendelsohn*, 552 U.S. 379, 384 (2008)).

### III. Argument

### a. Dr. Chin should be prohibited from testifying to facts outside her medical record as she was required, by Defendant's own admission, to document certain facts which are absent from that medical record and failed to do so, demonstrating a lack of reliable personal knowledge under Fed. R. Evid. 602

Per the Standard of Care documents regarding medical records which were produced by Defendant in Discovery, Dr. April Chin had a duty on the day of the visit to document many particular facts which are absent from the medical record for Plaintiff, and as a result under Fed. R. Evid. 602, Dr. Chin should not be permitted to speculate in her testimony at trial as to what

those facts were.

The American Podiatric Medical Association's policy <u>Medical Record Document Guidance When Combining At-Risk Nail and Callus Care</u> regarding the type of care rendered to Plaintiff by Dr. Chin states the following:

> *Similar to the description of pathological toenails, corns and calluses also require description in the medical record. Terminology such as 'punctate, diffuse, inflamed, etc.' serves to indicate the severity of the involved lesion(s).* ==*Of utmost importance is documenting the number of corns/calluses and the description of the precise location of each com/callus to be pared.*== *It is not sufficient to describe in general terms that the lesion is occurring on the digit, on the ball of the foot, or other general location. The exact anatomical location of each lesion must be described. Examples include: "sub 3rd right metatarsal head, sub navicular tuberosity left, lateral aspect of PIPJ 4th left toe, medial aspect right first metatarsophalangeal joint, etc." This distinction is especially important when a lesion is pared on the same toe which has a nail debrided.*

Exhibit 2 at 3 (emphasis added).

Dr. Chin chose to violate these standards in her documentation of her treatment of the patient regarding aspects clearly identified as of the "utmost importance" in the above-recited standard (see highlighted portion), which are also the aspects of her treatment of Mr. Dews that are most material to the standard-of-care violations alleged in the instant lawsuit. Dr. Chin first failed to note the exact number of lesions on Plaintiff's left foot – her own record contradicts itself. In the examination section, it appears that she identified four lesions, and one note states there were greater than two. *See* Exhibit 1 at 2. However, another notation states there were greater than four lesions. *Id.* Dr. Chin's note does not give a firm, consistent number of lesions as required by the American Podiatric Medical Association (APMA). *Id.*

Secondly, Dr. Chin chose not to identify each of these multiple lesions with the clarity

7

and specificity required by the applicable standard. Instead, she merely notes the general position of one or more of the lesions, but that description is not clear and does not address the four or more lesions she referenced in Plaintiff's medical chart that existed on his foot. *Id.*

Dr. Chin also chose to only describe these lesions with no more detail than "benign skin lesions", in direct violation of the applicable clinical standard. *Id.* Per the standard articulated in Exhibit 2, a podiatrist should use terms like "punctate, diffuse, inflamed, etc." in order to "indicate the severity of the involved lesion(s)." *See* Exhibit 2. Simply stating that the lesions appeared benign (i.e. non-cancerous) does not provide enough documentation of the quality of each specific lesion. *See* Exhibit 2 at 3. Dr. Chin also chose not to include the size of each lesion. *See* Exhibit 1. She could have used millimeters to describe the size of each lesion, or compared each to an object with a consistent size, such as a dime or pencil eraser. She failed to do so. In addition, the depth of each debridement procedure was not described. The skin has three layers – the epidermis, dermis, and the hypodermis[1], and Dr. Chin's debridement procedures could have reached some or all of these layers – Dr. Chin's note completely lacks this information. She should not be permitted to contrive this information on the stand in the face of a silent medical record.

Finally, Dr. Chin elected not to clearly note the precise position of each lesion, in direct violation of the APMA's standards. Dr. Chin was instructed in these standards that "It is not sufficient to describe in general terms that the lesion is occurring on the digit, on the ball of the foot, or other general location. The exact anatomical location of each lesion must be described." *See* Exhibit 2 at 3. Dr. Chin chose to reference only a general position, not the exact location, of

---

[1] Anatomy, Skin (Integument), Epidermis, Hani Yousef; Mandy Alhajj; Sandeep Sharma. https://www.ncbi.nlm.nih.gov/books/NBK470464/#:~:text=It%20is%20made%20up%20of,and%20chemicals%2C%20and%20mechanical%20injury, accessed 1/10/2023

each lesion in the clinical record she created in treating Mr. Dews. Further, she also omits the fact of which of the numerous lesions she identified were cut with her scalpel blade and, as previously mentioned, the depth of each debridement. This particular violation of the governing clinical standards articulated in APMA is especially critical in this case, as it was the cutting of a particular lesion on a specific part of Mr. Dews' foot that led to his infection and injuries at the heart of the instant lawsuit.

Rule 602 prohibits any witness from speculating outside their personal knowledge and memory. Under that Rule and cases such as *Widmar v. Sun Chem. Corp.*, 772 F.3d 457, 460 (7th Cir. 2014), Dr. Chin should not be permitted to guess or "fill in the blanks" of what she elected, in violation of applicable clinical standards, not to properly document. Any such testimony outside her medical record would be per se unreliable and should not be permitted to be admitted as evidence at trial.

> **b. Dr. Chin should be prohibited from testifying to facts outside her medical record because, due to her failure to make requisite documentation of certain facts and the time passed since the visit, such testimony would be far more prejudicial to Plaintiff than probative of any accurate facts under Fed. R. Evid. 403**

Dr. Chin's testimony outside the medical record regarding the required details about the exact number, quality, and location of each skin lesion also would likely be far more prejudicial to Plaintiff than probative of any accurate fact at issue in this case, in direct violation of Fed. R. Evid. 403.

The Rule 403 balancing test required by cases such as *Bennett v. Nucor Corp.*, 656 F.3d 802, 810 (8th Cir. 2011) is clear: the probative value of such testimony is minuscule because it is not reliable – Dr. Chin was required to document many details about Plaintiff's skin lesions on

his left foot, and she failed to do so. *See supra* at 7-8. It is incredibly unlikely that Dr. Chin would be able to accurately recall these details without a medical record from that day over three years later at trial.

In contrast, such speculative testimony by Dr. Chin would be unduly prejudicial to Plaintiff. If permitted, Dr. Chin would be arbitrarily empowered to render self-serving testimony that is untethered to any actual, reliable, factual support, and accordingly deny, prejudicially to Mr. Dews, any opportunity for him to prepare to defend against any such testimony prior to trial. Mr. Dews' entitlement to a fair presentation of the evidence should not be permitted to be sacrificed at the chantry of Dr. Chin's choice to violate the clinical requirement that she completely and accurately chart the details of medical treatment she rendered to him. The prejudice to plaintiffs would be immense indeed if doctors were permitted to insert undocumented facts, not included in the contemporaneous medical record, into a case in which a plaintiff alleged medical malpractice against said doctor, where such documentation was expressly required by the admitted standards of care and practice. Rule 403 was created to weed out such unreliable and unjustifiably damaging testimony, and it should therefore serve as a barrier to any testimony by Dr. Chin that falls outside her medical record of the visit at issue.

**IV. Conclusion**

Dr. April Chin should not be permitted to testify outside the scope of her medical record created on October 22, 2019 to fill in details that were, by Defendant's own admission, required to be included by the American Podiatric Medical Association. Such testimony would not be based upon reliable personal knowledge by Dr. Chin, would not be probative of any fact at issue in this case, and would unduly prejudice Plaintiff through no fault of his own.

WHEREFORE, based upon the foregoing, Plaintiff respectfully requests that this Court

enter the attached proposed Order, and any other such relief this Court deems appropriate.

>Respectfully submitted,
>
>*//s// Archie L. Rich, II*
>Archie L. Rich, II, Esq.
>LAWMD, CHTD.
>1250 I Street, NW, Suite 903
>Washington, DC  20005
>arich@lawmd.com
>(202) 529-9379
>*Counsel for Plaintiff*

IN THE UNITED STATES DISTRICT COURT FOR THE
DISTRICT OF COLUMBIA

| | |
|---|---|
| RENDELL DEWS ) | |
| Plaintiff, ) | |
| v. ) | Case No.: 20-2767 (CJN) |
| UNITED STATES OF AMERICA ) | |
| Defendant. ) | |

### **(PROPOSED) ORDER**

Upon consideration of Plaintiff's Motion in Limine regarding the testimony of Dr. April Chin, Defendant's Opposition (if any), and the entire record herein, it is hereby

**ORDERED** that the motion is **GRANTED**; and it is further

**ORDERED** that Dr. April Chin shall not be permitted to testify regarding any fact relating to the skin lesions on Plaintiff's left foot which were not explicitly documented in the Unity Health Care medical record dated October 22, 2019 authored by Dr. Chin.

**SO ORDERED.**

_____/s/_____
Judge Carl J. Nichols
United States District Judge

Dated: _____

Copies to:

Archie L. Rich II, Esq.
LawMD, Chtd.
1250 I Street, NW, Suite 903
Washington, DC 20005
arich@lawmd.com
*Counsel for Plaintiff Rendell Dews*

Dedra Curteman, Esq.
Assistant United States Attorney
Civil Division, U.S. Attorney's Office for the District of Columbia
555 Fourth Street, NW
Washington, D.C. 20530
dedra.curteman@usdoj.gov
*Counsel for Defendant United States of America*